**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KENISHA POWELL HAMILTON,<br>Plaintiff,<br>v.<br>EMORY HEALTHCARE, INC.,<br>Defendant. | Civil Action No.<br>1:25-cv-06583-SDG |

**OPINION AND ORDER**

This case is before the Court on the Non-Final Report and Recommendation (R&R) of United States Magistrate Judge Catherine M. Salinas [ECF 31], which recommends that *pro se* Plaintiff Kenisha Powell Hamilton's renewed motion to declare the parties' settlement agreement unenforceable [ECF 20] be denied, and that Defendant Emory Healthcare, Inc.'s motion for judgment on the pleadings [ECF 22] be granted on the grounds that Hamilton's claims are barred by the parties' settlement agreement. Hamilton timely filed objections [ECF 33]. Because the parties' settlement agreement is an enforceable contract, and in the agreement Hamilton knowingly and voluntarily waived her employment claims, Hamilton's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I. APPLICABLE LEGAL STANDARDS

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and

must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II. DISCUSSION

Hamilton brings claims against Emory under Title VII, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and 42 U.S.C. § 1981, arising out of her experience working at Emory and ultimate termination

in December 2024.[1] Hamilton initially filed a charge of discrimination against Emory with the Equal Employment Opportunity Commission (EEOC), Charge No. 410-2024-01604, which the parties settled in March 2025 by entering into a Confidential Settlement Agreement and General Release.[2] As relevant here, the Settlement Agreement states that "Hamilton has voluntarily agreed to completely resolve all disputes regarding the claims she alleged in the EEOC Charge [No. 410-2024-01604] and any other claims she otherwise asserted or could have asserted." In the Agreement, Hamilton releases Emory from:

> [A]ny and all claims, liabilities, agreements, damages, losses, or expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, whether known or unknown, for personal injuries, losses or damage to personal property, breach of contract (express or implied), breach of any covenant of good faith (express or implied), or any other losses or expenses of any kind (whether arising in tort or contract or by statute) arising from [Hamilton's] employment with [Emory], or any other circumstance or event arising prior to Hamilton's execution of this Agreement . . . , that Hamilton has, may have had, or may later claim to have had against any of them.[3]

---

1 ECF 8.

2 ECF 24-5.

3 *Id.* at 1, ¶ 3.

The release expressly includes claims under Title VII, the ADA, FMLA, and § 1981.[4]

In April 2025, after the execution of the Settlement Agreement, Hamilton filed a second charge of discrimination with the EEOC related to her termination.[5] After the EEOC issued a Right to Sue letter for the second charge,[6] Hamilton filed this lawsuit.

Once Emory was served and filed its answer, Hamilton filed a renewed motion to declare the Settlement Agreement unenforceable.[7] Emory opposes Hamilton's motion and filed its own motion for judgment on the pleadings, arguing among other things that Hamilton's claims here are barred by the Settlement Agreement.[8] The R&R concludes that the Agreement is an enforceable contract, and in it Hamilton knowingly and voluntarily waived her employment claims, and therefore Emory's motion for judgment on the pleadings should be granted.[9]

---

4 *Id.* ¶ 3.

5 Decl. of K. Hamilton, ECF 24, ¶¶ 1–4.

6 ECF 24-3.

7 ECF 20.

8 ECFs 22, 27.

9 ECF 31.

Hamilton objects to essentially every aspect of the R&R's reasoning as to the Settlement Agreement.[10] As an initial matter, undersigned notes that Hamilton's objections exceed the 25 pages permitted by LR 72.1(E), NDGa, and she did not seek leave to exceed the rule's page limit. Accordingly, undersigned will only consider the first 25 pages of her objections. That said, undersigned has reviewed the R&R and agrees with its analysis and conclusion that Hamilton's claims here were released by the Settlement Agreement.

"Under federal law, a district court has 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.'" *Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (quoting *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 36 (5th Cir. 1967)). The R&R appropriately applied the summary judgment standard to the issue of the enforceability of the Settlement Agreement. *See Wong v. Bailey*, 752 F.2d 619, 620–21 (11th Cir. 1985) (affirming the district court's order enforcing a settlement agreement under the summary judgment standard); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The issue of enforceability was squarely

---

10 ECF 33.

before the Court because Hamilton moved to declare the Settlement Agreement unenforceable, and in that motion Hamilton presented evidence and stated that "[n]o discovery or evidentiary hearing is required."[11] Hamilton cannot now complain that summary judgment on the issue of enforceability was procedurally improper.

Turning to the merits, undersigned will briefly touch on the R&R's analysis of the Settlement Agreement's formation, interpretation, and enforceability as to Hamilton's employment claims. First, undersigned agrees with the R&R that the Settlement Agreement is an enforceable contract. While Hamilton argues that her dispute as to the scope of the Agreement raises questions as to contract formation and assent, "[t]he fact that the plaintiff and the defendant differed in their testimony as to the terms of the contract is not sufficient to show that their minds had never met, but simply raised a conflict in the evidence as to what was the contract between the parties." *Lofty v. Fuller*, 223 Ga. App. 95, 96 (1996) (quoting *Fincher v. Redman*, 12 Ga. App. 241 (1913)).[12] And where, as here, "the terms of a written contract are clear and unambiguous, the court is to look to the contract

---

11 ECF 20, at 2.

12 The R&R applies Georgia law to the questions of contract formation and interpretation. No party objected, and undersigned sees no error therein.

alone to find the parties' intent." *Park 'N Go of Ga., Inc. v. U.S. Fid. & Guar. Co.*, 266 Ga. 787, 791 (1996).

Second, undersigned also agrees with the R&R that the Settlement Agreement unambiguously covers Hamilton's claims here. *See Greenberg Farrow Architecture, Inc. v. JMLS 1422, LLC*, 339 Ga. App. 325, 329 (2016) ("When the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation[,] the language used must be afforded its literal meaning and plain ordinary words given their usual significance."). In the Agreement, Hamilton releases Emory from "any and all claims . . . arising from [her] employment with [Emory], or any other circumstance or event arising prior to Hamilton's execution of this Agreement."[13] This release expressly covers "any claims she may have against [Emory] . . . regardless of whether she knew she had such claims prior [to] executing this Agreement," including but not limited to claims under Title VII, the ADA, FMLA, and § 1981.[14] Thus, even though the Agreement only mentions the first EEOC charge (in the contract recitals), and even if Hamilton had been in the process of preparing the second EEOC charge when she executed the Agreement, the unambiguous language of the Agreement establishes that Hamilton released all of her

[13] ECF 24-5, ¶ 3.

[14] *Id.*

employment-related claims against Emory, thereby precluding her from pursuing them in this case.

Third, undersigned agrees with the R&R that the Settlement Agreement constitutes a knowing and voluntary waiver of Hamilton's employment claims. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1124 (11th Cir. 2014) (quoting *Myricks v. Fed. Rsrv. Bank of Atlanta*, 480 F.3d 1036, 1040 (11th Cir. 2007)) ("[E]mployees can waive employment claims when their waiver is 'voluntary and knowing based on the totality of the circumstances.'").[15] There is no evidence that Hamilton was not given enough time to review the Agreement after being terminated, is not educated enough to understand the waiver, or was misled to believe that the release was necessary to prevent Emory from taking an unlawful action. *See Myricks*, 480 F.3d at 1041 (affirming summary judgment as to the plaintiff's knowing and voluntary waiver where these factors were not present, and the plaintiff had an opportunity to consult with an attorney). While there is some evidence that Hamilton suffers from medical conditions that could cause

---

[15] The Eleventh Circuit considers six factors in evaluating the totality of the circumstances: (1) the education and business experience of the employee; (2) the time the employee spent considering the agreement before signing it; (3) the clarity of the language in the agreement; (4) the employee's opportunity to consult with an attorney; (5) whether the employer encouraged or discouraged consultation with an attorney; and (6) the consideration given in exchange for the release compared to the benefits the employee was already entitled to receive. *Paylor*, 748 F.3d at 1124.

confusion and "brain fog,"[16] given the unambiguous language of the Settlement Agreement, as well as the undisputed evidence that Hamilton has considerable education and business experience; had no deadline to execute the Settlement Agreement; had the opportunity to consult with an attorney and was not discouraged from doing so; and received monetary compensation and a neutral employment reference, undersigned agrees with the R&R that Hamilton's waiver of her employment-related claims was knowing and voluntary under the totality of the circumstances.

Accordingly, Hamilton's objections are overruled, and the R&R is adopted in its entirety.

## III. CONCLUSION

Hamilton's objections to the R&R [ECF 33] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 31] as the Order of this Court. Hamilton's renewed motion to declare the Settlement Agreement unenforceable [ECF 20] is **DENIED**. Emory's motion for judgment on the pleadings [ECF 22] is **GRANTED**.

---

16 The R&R concludes that Hamilton had the capacity to contract under Georgia law, and in her objections, Hamilton expressly disclaims any incapacity argument under Georgia contract law. ECF 33, at 15.

This case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 30th day of September, 2026.

Steven D. Grimberg
United States District Judge